ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
APR 20 2016
U.S. COURT OF
FEDERAL CLAIMS

------------------------------------x
THE NEW YORK AND PRESBYTERIAN
HOSPITAL,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.
------------------------------------x

Case No. 16-496 T

## COMPLAINT

Plaintiff the New York and Presbyterian Hospital (the "Hospital"), by its undersigned attorneys, alleges as follows for its complaint against the United States of America.

## NATURE OF ACTION

1. In 2013, Dr. Henry Erle Childers, IV, Dr. George Bino Rucker, Dr. Lori Simon, Dr. Bezalel Dantz, Dr. Peter Hahn, and Dr. Tracey Marks (collectively, "SDNY Plaintiffs"), brought separate actions in the United States District Court for the Southern District of New York against the Hospital on behalf of themselves and a putative class of former medical residents, including those medical residents who were fellows, (the "SDNY Class Members") previously enrolled in residency programs at what is now known as the Weill Cornell campus of the Hospital (the "Weill Cornell Residency Program") and employed by the Hospital or its predecessor entity from January 1, 1995 through and including June 30, 2001 (the "SDNY Class Period"). In 2014, the SDNY Plaintiffs, adding as SDNY Plaintiffs Dr. Evan Nadler, Dr. Kambiz Dardashti, filed a consolidated amended complaint in the same actions on behalf of the SDNY Class

Members. The SDNY Plaintiffs sought to recover the amount of Federal Insurance Contribution Act ("FICA") taxes that the Hospital or its predecessor entity withheld from the Weill Cornell Residency Program medical residents during the SDNY Class Period and duly remitted to the United States during the SDNY Class Period pursuant to its obligations under 26 U.S.C. § 3102(a) and 26 U.S.C. § 6672. The actions were captioned *Childers, et al. v. The New York and Presbyterian Hospital*, No. 13-CV-5414 (LGS) (S.D.N.Y.) and *Simon, et al., v. The New York and Presbyterian Hospital*, No. 13-CV-5899 (LGS) (S.D.N.Y.) (collectively, the "SDNY Actions").

2. In this action, the Hospital seeks to enforce its statutory right to indemnity from the United States pursuant to 26 U.S.C. § 3102(b) ("Section 3102(b)") against the claims and demands for the amount of FICA taxes made in the SDNY Actions.

## PARTIES

3. The plaintiff is the Hospital, an Internal Revenue Code ("IRC") § 501(c)(3) not-for-profit organization. The Hospital is the successor by merger on January 1, 1998, of the former The Society of The New York Hospital ("NYH") and The Presbyterian Hospital in the City of New York, also IRC § 501(c)(3) not-for-profit organizations.

4. The defendant is the United States of America.

## JURISDICTION

5. The Hospital's claims arise under Section 3102(b). Jurisdiction in this case exists under the Tucker Act, 28 U.S.C. § 1491.

## BACKGROUND FACTS

I. **FICA Taxes, the Student Exception and FICA's Refund Scheme**

6. NYH employed the residents in the Weill Cornell Medical Residency Program until January 1, 1998, after which its successor, the Hospital, employed the residents.

7. Throughout the SDNY Class Period, NYH or the Hospital withheld FICA taxes from the medical residents it employed in the Weill Cornell Residency Program, as required by the IRC § 3102(a), and remitted those funds to the United States Treasury.

8. NYH and the Hospital also paid their own shares of FICA taxes related to the wages paid to the residents, pursuant to IRC § 3111.

9. Under the "student exception" to FICA provided by 26 U.S.C. § 3121(b)(10), wages paid to an enrolled student "'in the employ of a school, college, or university,'" are exempt from FICA taxation. During the SDNY Class Period (and long thereafter), the IRS maintained that medical residents were categorically ineligible for the "student exception" to FICA taxes.

10. Failure to withhold the FICA taxes from medical residents and remit or pay them over to the Treasury Department would have subjected NYH and the Hospital to severe penalties pursuant to 26 U.S.C. § 6672, thereby giving NYH and the Hospital no choice but to withhold FICA taxes from the SDNY Class Members and remit them to the United States Treasury during the SDNY Class Period.

11. Beginning in the late 1990s, some courts adopted a fact-specific approach to whether medical residents at a particular institution qualified for the student exception, e.g., *Minnesota v. Apfel*, 151 F.3d 742, 748 (8th Cir. 1998). As late as 2007, however, other courts, including courts in the Second Circuit – where the Hospital is located – held

that residents were categorically excluded from the student exception. *See Albany Med. Ctr. v. United States*, No. 1:04-CV-1399 (FJS/RFT), 2007 WL 119415 (N.D.N.Y. Jan. 10, 2007), *vacated*, 563 F.3d 19 (2d Cir. 2009); *United States v. Detroit Med. Ctr.*, No. 05-71722, 2006 WL 3497312 (E.D. Mich. Dec. 1, 2006), *vacated*, 557 F.3d 412 (6th Cir. 2009).

12. In 2004, the Treasury Department issued a regulation barring medical residents from invoking the student exception after March 31, 2005. 69 Fed. Reg. 8604-01, 8605 (Feb. 25, 2004); 26 C.F.R. § 31.3121(b)(10)-2(d)(3)(i) (2005).

13. On March 2, 2010, the IRS suddenly reversed its long-standing position, and held teaching hospitals and residents who had filed refund claims for tax periods before April 1, 2005, could obtain refunds by following certain procedures. *See* I.R.S. News Release, IR-2010-25 (Mar. 2, 2010); IRS Publication 4843-A (May 2010).

14. During the SDNY Class Period, medical residents (like the SDNY Class Members) who wished to preserve any right to a FICA refund were eligible to file a protective refund claim directly with the IRS pursuant to Treas. Reg. § 31.6402(a)-2(a) and (b).

15. During the SDNY Class Period, the SDNY Class Members could have filed a protective FICA refund claim by, among other things, submitting a publicly available IRS form 843.

16. Under Treasury Regulation § 31.6402(a)-2(a), employers who wished to preserve any right to a FICA refund could have filed proactive refund claims for the employer and employee portions of FICA tax. Under the IRC, employers were not required to file such claims.

17. Neither NYH nor the Hospital filed protective FICA refund claims under the student exception for the employer portion of the FICA taxes NYH or the Hospital paid to the United States Treasury relating to the SDNY Class Members for the SDNY Class Period. NYH and the Hospital therefore also did not file protective refund claims on behalf of the SDNY Class Members for the FICA taxes withheld from the SDNY Class Members during the SDNY Class Period.

18. The SDNY Plaintiffs alleged that they, as well as many other residents in the Weill Cornell Residency Program, also did not file FICA refund claims on behalf of themselves for the amount of FICA taxes withheld during the SDNY Class Period even though they were at all times eligible to do so.

19. The IRS has taken the position that as of March 2010, when it reversed its position on the application of the student exemption to medical residents' FICA refund claims, it was too late for any employer or individual who had not already filed a FICA refund claim to do so for any tax period before March 31, 2005.

### III. The SDNY Actions

20. On or about August 2 and August 21, 2013, two groups of former medical residents in the Weill Cornell Residency Program – the SDNY Plaintiffs – who allegedly had not filed individual FICA refund claims for some or all years during the SDNY Class Period brought the SDNY Actions against the Hospital seeking to recover directly from the Hospital the amount of FICA taxes, plus interest, NYH and the Hospital withheld from them and the SDNY Class Members during the SDNY Class Period.

21.     During the SDNY Class Period, NYH and the Hospital paid over to the United States Treasury the approximately $9 million in FICA taxes withheld from the SDNY Class Members that were sought in the SDNY Actions.

**IV.     Indemnification under Section 3102(b)**

22.     Section 3102(b), which appears under Chapter 21 ("Federal Insurance Contributions Act"), Subchapter A ("Tax on Employees") provides as follows:

> **(b)   Indemnification of employer.** – Every employer required so to deduct the tax shall be liable for the payment of such tax, and shall be indemnified against the claims and demands of any person for the amount of any such payment made by such employer.

23.     The SDNY Actions constitute "claims and demands of any person for the amount of any such payment made by such employer" because the SDNY Plaintiffs sought as damages in the SDNY Actions "the amount of" FICA taxes NYH and the Hospital withheld from the SDNY Plaintiffs and the SDNY Class Members during the SDNY Class Period and remitted to the United States Treasury pursuant to their legal obligations.

24.     Disregarding its statutory obligation, the United States refused to indemnify and defend the Hospital against the SDNY Plaintiffs' claims and demands.

25.     The Hospital has since entered into a settlement agreement with the SDNY Plaintiffs where, subject to court approval, the Hospital will pay money to satisfy the SDNY Plaintiffs' claims and demands for the amount of FICA taxes the Hospital withheld from the SDNY Class Members and remitted to the United States Treasury during the SDNY Class Period.

26.     Through this action, the Hospital seeks and is entitled to indemnification from the United States for the SDNY Plaintiffs' claims and demands.

## COUNT ONE

### (Claim for Indemnification Pursuant to 26 U.S.C. § 3102(b))

27. The Hospital repeats and incorporates by reference the allegations in Paragraphs 1 through 26 in their entirety as if fully set forth herein.

28. The Hospital has received "claims and demands" for "the amount of" FICA taxes the Hospital and its predecessor entity withheld from SDNY Plaintiffs and the SDNY Class Members in the SDNY Actions pursuant to its obligations to the United States under 26 U.S.C. § 3102(a).

29. The Hospital has expended funds and will expend funds imminently stemming from SDNY Plaintiffs' claims and demands, including but not limited to through its defense of the SDNY Actions and its settlement agreement with certain SDNY Plaintiffs.

30. The Hospital is entitled to "indemnif[cation] against [the SDNY Plaintiffs'] claims and demands" from the United States.

## PRAYER FOR RELIEF

**WHEREFORE**, the Hospital demands judgment in its favor and against the United States:

(1) in the full amount of any money paid by the Hospital stemming from the claims and demands made in the SDNY Actions, including but not limited to any judgment or settlement;

(2) attorneys' fees, costs, and other expenses incurred by the Hospital in defending against the "claims and demands" of the SDNY Plaintiffs for "the amount of" FICA taxes demanded in the SDNY Actions;

(3) pre-judgment and post-judgment interest; and

    (4)  for such other and further relief to which it may be entitled.

Dated: Washington, District of Columbia
    April 20, 2016

/s/ *Maura Barry Grinalds* [DB]
Maura Barry Grinalds
(MauraBarry.Grinalds@skadden.com)
Jonathan J. Lerner
(Jonathan.Lerner@skadden.com)
Michael H. Gruenglas
(Michael.Gruenglas@skadden.com)
Robert L. Dunn
(Robert.Dunn@skadden.com)
SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
T: (212) 735-3000
F: (212) 735-2000

*Of Counsel*:
Fred T. Goldberg, Jr.
(Fred.Goldberg@skadden.com)
B. John Williams
(BJohn.Williams@skadden.com)
Daniel W. J. Becker
(Daniel.Becker@skadden.com)
1440 New York Avenue N.W.
Washington, D.C. 20005
T: (202) 371-7000
F: (202) 393-5760
*Attorneys for the New York and Presbyterian Hospital*